FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 22 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**STEFANIE WATTERS**             PLAINTIFF

v.        Case No. 2:24-CV-__32-KGB__

**PALESTINE-WHEATLEY SCHOOL DISTRICT**        **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Stefanie Watters, by and through her attorney Chris Burks of WH LAW, for her Original Complaint against Palestine-Wheatley School District, she does hereby state and allege as follows:

This case assigned to District Judge __Baker__
and to Magistrate Judge __Harris__

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under the Americans with Disabilities Act of 1990 ("ADA") and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff.

2. Plaintiff received inequitable treatment and a hostile workplace as a result of her status as a disabled person with disabilities that substantially limited a major life activity and in retaliation for her complaints about this treatment. This treatment resulted in Plaintiff's constructive termination.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of ADA and ACRA, as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA.

5. Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as the ADA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Delta Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to the ADA and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of White County, Arkansas.

12. Plaintiff Stefanie Watters was hired by Defendant in January 2021.

13. Plaintiff was constructively terminated from her employment with Defendant on October 30, 2023.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under ADA and ACRA.

15. Defendant Palestine-Wheatley School District is a public school district in St. Francis County, Arkansas.

16. Defendant Palestine-Wheatley School District can be served through its Superintendent, Ryan Halbert, at 7950 Hwy 70 W, Palestine, AR 72372.

17. Defendant Palestine-Wheatley School District is an "employer" within the meanings set forth in ADA and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV.   FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. Plaintiff was hired as a teacher, the head softball coach, and the head junior and senior volleyball coach in January 2021.

20. Plaintiff suffers from complex post-traumatic stress disorder (CPTSD) and precancerous conditions called Barrett's esophagus and intestinal metaplasia.

21. These health conditions affect Plaintiff's major life activities and qualify as disabilities as defined by the Americans with Disabilities Act.

22. Plaintiff is a medical marijuana patient and uses marijuana as prescribed to treat the effects of her disabilities.

23. Plaintiff worked under the athletic director for the Palestine-Wheatley School District.

24. In 2021, the athletic director's family member saw Plaintiff at a local marijuana dispensary, and as a result, the athletic director learned that Plaintiff was a medical marijuana patient.

25. After her athletic director gained this information about Plaintiff, he began telling other school employees, parents, and community members that Plaintiff was a medical marijuana patient.

26. Plaintiff began suffering discrimination and harassment based on her use of this medication to treat her disabilities.

27. At the time, Plaintiff was studying for her commercial driver license so she could drive her teams to and from games.

28. Defendant's employee who handled transportation for the district approached Plaintiff and told her that the athletic director had told him she was a medical marijuana patient, and that as a result, she couldn't get a CDL license.

29. Defendant removed Plaintiff as head coach and then reinstated her at least four times during her employment.

30. Parents of the students Plaintiff coached harassed her by posting negative, untrue statements about her on Facebook.

31. A parent took a photo of Defendant's backside during a practice and sent it to other parents with a butt emoji to mock and humiliate Plaintiff.

32. Plaintiff was a facilitator for an online class in Defendant's district.

33. The principal of the school changed the grades Plaintiff input for her students to allow students to pass even when they received failing grades.

34. On June 16, 2023, Plaintiff's superintendent demoted her from head volleyball coach to assistant coach.

35. The new head volleyball coach told students they no longer had to refer to Plaintiff as coach.

36. A plaque on Plaintiff's office door, which identified her as a volleyball coach, was turned around so her name was no longer displayed.

37. Plaintiff had no authority in her position because Defendant constantly undermined her and allowed others to undermine her.

38. Plaintiff reported these issues to her school multiple times.

39. The athletic director for the district was removed from his position, but Plaintiff's treatment did not improve. She continued suffering discrimination and harassment based on her disabilities and the medication she used to treat them.

40. As a result of the ongoing harassment and discrimination, Plaintiff suffered a hostile work environment that caused her stress and anxiety, and caused her health conditions to worsen.

41. On October 30, 2023, Plaintiff was constructively terminated from her position.

42. Because Plaintiff was under contract with the Defendant, the Defendant held her license until January 2024, which affected Plaintiff's ability to gain employment.

43. Other individuals employed by the Defendant had resigned, and the district released their licenses, even when these people were under contract. Plaintiff was treated disparately because the Defendant refused to release her license until January 2024.

44. Defendant held Plaintiff's license in retaliation for Plaintiff's complaints about disability discrimination and her constructive termination.

45. During her employment, Plaintiff was harassed, undermined as a coach and teacher, removed from her positions as head coach, and ultimately constructively terminated because of her disabilities and the medication she used to treat them.

46. Defendant employed other coaches and teachers who were not disabled and did not use medical marijuana to treat their health conditions.

47. These other coaches and teachers held the same duties and responsibilities as Plaintiff and were similarly situated in all notable respects.

48. These other coaches and teachers were allowed to perform their job duties without being harassed by faculty and parents, undermined by the administration, or removed from their positions.

49. As a result, Plaintiff was disparately treated from these other non-disabled coaches and teachers.

50. As a result of the ongoing discrimination Plaintiff experienced as a result of her disabilities and the medication she used to treat them, Plaintiff was constructively terminated from her employment on October 30, 2023.

## V.   FIRST CLAIM FOR RELIEF – ADA Claims

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff filed a timely charge with the EEOC alleging violations of Title I and Title V of the ADA by Defendant.

53. Plaintiff received a right to sue letter, and thus exhausted her administrative remedies.

54. Defendant engaged in unlawful employment practices at their facility in Palestine, Arkansas, in violation of the Americans with Disabilities Act of 1990.

55. Specifically, and as detailed above, Plaintiff, who is disabled, was constructively terminated as a result of disability discrimination.

56. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during her employment.

57. Specifically, Defendant employs similarly-situated non-disabled coaches and teachers who were not harassed and subjected to a hostile workplace because of their disabilities and the medications they used to treat their disabilities.

58. As a result, Plaintiff was treated disparately from Defendant's similarly situated non-disabled employees.

59. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

60. However, Plaintiff was constructively terminated from her position within the relevant statutory period.

61. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

62. The unlawful employment practices complained of above were and are intentional.

63. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

64. Pursuant to Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of the ADA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VI.   SECOND CLAIM FOR RELIEF – ACRA Claims

65. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted her administrative remedies.

67. Defendant engaged in unlawful employment practices at their facility in Palestine, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq*.

68. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during her employment.

69. Specifically, Defendant employs similarly-situated non-disabled coaches and teachers who were not harassed and subjected to a hostile workplace because of their disabilities and the medications they used to treat their disabilities.

70. As a result, Plaintiff was treated disparately from Defendant's similarly situated non-disabled employees.

71. As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

72. At all relevant times, Plaintiff could perform the essential function of the position for which she was hired.

73. However, Plaintiff was constructively terminated from her position within the relevant statutory period.

74. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

75. The unlawful employment practices complained of above were and are intentional.

76. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

77. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and she seeks, an additional amount as compensatory and punitive damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or lost to her by reason of Defendant's violations of ACRA, plus any interest she is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Stefanie Watters respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(B)　A declaratory judgment that Defendant's practices violate Americans with Disability Act of 1990 and the related regulations;

(C)　Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(D)　Judgment for damages pursuant to Americans with Disabilities Act of 1990, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(E)　An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F)　Such other and further relief as this Court may deem necessary, just and proper.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　**Stefanie Watters, PLAINTIFF**

　　　　　　　　　　　　　　　　　wh Law
　　　　　　　　　　　　　　　　　North Little Rock Office
　　　　　　　　　　　　　　　　　501.888.4357

　　　　　　　　　　　By:　　　Chris Burks (ABN: 2010207)
　　　　　　　　　　　　　　　　　chris@wh.law

　　　　　　　　　　　　　　　　　Mailing Address:
　　　　　　　　　　　　　　　　　1 Riverfront Place, Suite 745
　　　　　　　　　　　　　　　　　North Little Rock, AR 72114